SARAH ROSALTHA ODELL, an Infant, by Guardian, etc., Respondent, *v.* SIMEON B. SOLOMON et al., Appellants.

A covenant by a tenant to keep the demised premises in repair does not inure to the benefit of a stranger who sustains an injury in consequence of its breach; it can only be enforced by the covenantee or his assignee.
A lessee, by negligently suffering the demised premises to become dangerous, is liable to a stranger who has been injured in consequence; the foundation of such liability is culpable negligence; the lessee is not a guarantor of the safety of the premises, but is bound only to exercise

reasonable care. Negligence must be established as matter of fact. Mere constructive negligence is not sufficient.

(Argued April 16, 1885 ; decided May 5, 1885.)

THIS action was brought against the lessors and lessees of certain premises in the city of New York to recover damages for injuries sustained by plaintiff through the falling of a window-sash upon her as she was passing the premises.

The complaint alleged that the defendants " were so careless and reckless in constructing and maintaining and looking after * * the said premises as that the sash fell." The lease contained a covenant upon the part of the assignees to keep the demised premises "in good repair, order and condition." The referee before whom the case was tried gave judgment against the lessees, but dismissed the complaint as against the lessors.

The court here say : " The plaintiff's recovery in this case cannot be sustained, on the ground that the appellants failed to perform their covenant with the landlords, to keep the premises in question in repair. Such a covenant does not inure.to the benefit of a stranger who sustains an injury in consequence of its breach, but can be enforced only by the covenantee or his assigns ; and their right to recover depends upon different principles from those which govern in an action by a stranger. The covenantor might be liable to the covenantee for the breach of a covenant to repair, even though the breach were innocently committed without any negligence, and even without any knowledge or means of knowledge that the premises were out of repair, for he contracts absolutely that he will keep them in repair, and assumes the responsibility of so doing ; but he owes no such duty to a stranger to the covenant. A lessee occupying real estate may become liable to a stranger by negligently suffering the demised premises to become dangerous. This liability is independent of any contract between the lessor and lessee. It results from the fact that the lessee is in possession and has the control of the premises, and for that reason he is liable, if, by negligently permitting them to become dilapidated and unsafe, third persons are injured. The foundation of his liability is culpable negligence. He is not, as to

third persons, a guarantor of the safety or condition of the premises, but is bound only to reasonable care, in his use and occupation of them, so that they may not cause injury to others.

" The learned referee in this case found, as matter of fact, that the demised premises, and ·the window-sash which fell out, were not kept and maintained in good repair and safe and proper condition, by reason of' which the same fell out and inflicted the injuries sustained by the plaintiff; and further, that said injuries were inflicted solely and only by reason of ·the negligence of the defendant Solomon.

" If the finding that the injuries resulted from the negligence of the appellants is supported by any evidence, the judgment must be sustained. But if, on the other hand, there is no evidence to sustain it, the contrary result must follow, the finding having been duly excepted to."

After a discussion of the evidence, the opinion closes thus :

" The simple fact of the failure of the lessees to keep the premises in repair, whether their duty so to do arose from the covenant in their lease, or from the general duty which the occupant of real estate owes to the public, was not sufficient to convict them of actual negligence. As already shown, negligence must be established as matter of fact, and mere constructive negligence is not sufficient to subject either the owner or occupant of a building to liability in a case like this.

"After a careful scrutiny of all the testimony, we are unable to discover any evidence of such negligence as should be shown to maintain this action. It is true that the lessees had occupied the building ever since its construction, which was about three years before the accident, but the case is absolutely bare of any evidence that they had any reason to apprehend the existence of any such defect as that which was developed by the very unusual, if not unprecedented, accident which occurred. It cannot be successfully contended that the owner or occupant of a building is chargeable with the duty of constant inspection and extreme care which is required of railroad companies and others managing dangerous machinery, which is liable, from its nature, to become defective and cause injury. Reasonable care is all that the law requires, and what is rea-

sonable care depends upon the nature of the property and the dangers in its use ordinarily to be apprehended. The fact that a public officer, who was an expert in such matters, went to the premises after the accident in the performance of his official duty, for the express purpose of searching for the defect, discovered it by close examination and keen scrutiny, aided by his knowledge of the mode of constructing such sashes, is not sufficient to charge the appellants with negligence in not having discovered and remedied it before any thing had occurred to call attention to it.

" There is nothing else in the case upon which the charge of negligence can be predicated. The plaintiff met with a serious misfortune, and if it could be traced to want of reasonable care on the part of the defendants, they should be held responsible for the damages. But as the case now stands, the finding of negligence is entirely unsupported by evidence, and consequently the judgment should be reversed and a new trial ordered."

*Adolph L. Sanger* for appellants.

*Alfred Pagelow* for respondent.

RAPALLO, J., reads for reversal and new trial.
All concur.
Judgment reversed.