MICHAEL ROSENFIELD and another *vs.* CHARLES F. ARROL.

October 20, 1890.

**Negligence—Care of Water Fixtures—Occupant of Part of Building.**
Upon the facts in this case as disclosed upon the trial, it is *held* that defendant, who leased and used the third floor of a certain building, was responsible for the proper use and proper care of the water and water fixtures thereon; that liability attached to him on proof that negligence had occurred, and damages had ensued to tenants upon a lower floor.

**Same—Character of Proof Requisite.** — Evidence of defendant's negligence need not be direct and positive. Plaintiffs were not bound to prove more than enough to raise a fair presumption of negligence on the part of defendant, and of resulting injury to themselves. Having done this, they were entitled to recover, unless the defendant produced evidence sufficient to rebut the presumption.

Appeal by defendant from an order of the municipal court of St. Paul, refusing a new trial after a trial by the court and judgment of $100 ordered for plaintiffs.

*Brown & Schrader*, for appellant.

*Charles Bechhoefer*, for respondents.

COLLINS, J. It is not argued on this appeal that the court below erred in any of its rulings upon such questions of law as were presented during the trial, nor is it claimed that the order for judgment

was incorrect, if the findings of fact were justified by the testimony. Appellant's contention is that they were not; that the witnesses wholly failed to show his negligence; and further, that, from the undisputed testimony, it affirmatively appeared that the respondents had themselves contributed to the injury. Very little need be said upon either of these positions. Plaintiffs and defendant held leases for different floors of the same building. The plaintiffs occupied, as merchants, the ground floor and basement, while defendant used the third floor for storing furniture, he having previously resided there. Usually this floor could be reached by either of two doors, but, at the time of the flooding, one of these doors had been securely nailed up by defendant. The key to the other door, which was supposed to be and undoubtedly was locked, was in defendant's custody. He had exclusive control and possession of the third floor, and of the room thereon in which a faucet was turned by some one, from which the water ran upon the floor, and thence down upon plaintiffs' goods. Within the few days immediately preceding this accident, the furniture above mentioned had been sold at public auction, upon the premises, and with defendant's permission. He had also, after the auction, loaned his key to the purchaser of the furniture; and a man in the employ of the latter had visited the place for the purpose of taking an inventory. It would seem quite obvious that this man, or the defendant, or some one of the persons attending the auction sale, —and there were several,—must have inadvertently turned the faucet, and so left it. The defendant was responsible for the proper use and proper care of the water and water-fixtures. Liability attached to him on proof that negligence had occurred and damages had ensued. *Moore* v. *Goedel,* 34 N. Y. 527; *Simonton* v. *Loring,* 68 Me. 164.

Negligence, which is the want or absence of ordinary care, is the gist of the action, and the burden was upon the plaintiffs to prove facts from which it could fairly be inferred that the defendant's negligence was the proximate cause of the injury. The evidence need not be direct and positive. The fact of negligence in any given case is susceptible of proof by evidence of circumstances bearing more or less directly upon the fact. The plaintiffs were not bound to prove

more than enough to raise a fair presumption of negligence on the part of the defendant, and of resulting injury to themselves. Having done this, they were entitled to recover, unless the defendant produced evidence sufficient to rebut this presumption. 1 Shear. & R. Neg. §§ 57, 58, and cases cited. The trial court held that the presumption of negligence on defendant's part, raised by plaintiffs' testimony, had not been rebutted, and with its finding upon this fact we cannot interfere. There was an abundance of testimony in support of it.

There is nothing in defendant's claim that plaintiffs were guilty of contributory negligence. At most, the testimony on this point was that one of the plaintiffs informed defendant, the latter assenting, that, when there was danger of the pipes freezing on the upper floors, he would shut the water off in the basement. The time when freezing might reasonably be expected had not arrived, nor was the alleged injury caused by the freezing-up of the pipes.

Order affirmed.