(56 Misc. Rep. 677.)

### FITZGERALD v. GOLDSTEIN.

(Supreme Court, Appellate Term. December 12, 1907.)

**1. ADJOINING LANDOWNERS—NEGLIGENCE.**

To charge an owner with negligence in failing to make repairs of his water pipes and prevent injury to an adjoining owner by an overflow, he must have notice, either express or implied, of the existence of the defective condition and a reasonable time thereafter to remedy the same.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Adjoining Landowners, §§ 53–59.]

**2. SAME.**

A purchaser of a building not improperly constructed had no knowledge of a defect not discoverable through the exercise of ordinary care. On a Friday he received a notice of a defect causing injury to adjacent property. On the following Monday he made repairs, preventing further injury. *Held*, that he was not negligent as a matter of law in failing to make repairs within a reasonable time after notice of the defect.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Adjoining Landowners, §§ 53–59.]

**3. NEGLIGENCE—RES IPSA LOQUITOR—APPLICATION OF DOCTRINE.**

The doctrine of res ipsa loquitor does not apply where the cause of the accident complained of is fully explained.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Julia Fitzgerald against Abraham Goldstein. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Samuel N. Freedman, for appellant.

Charles L. Hoffman (Henry A. Friedman, of counsel), for respondent.

GUY, J. Appeal from judgment rendered by the court without a jury in favor of plaintiff. The action is brought by plaintiff against the defendant as owner of a building adjoining the premises occupied by the plaintiff, to recover damages for injuries alleged to have been caused by the negligence of the defendant in carelessly and negligently permitting the Croton water pipes in defendant's building "to become and be in a worn state and condition," causing an overflow upon plaintiff's premises and resultant damage to plaintiff's property.

The evidence shows that defendant became the owner of said adjoining premises by purchase on January 27, 1907; and the negligence, if any, of the defendant must have arisen between that date and April 23, 1907, on which date plaintiff shows that the defective pipes were repaired and the flow of water onto plaintiff's premises ceased. The evidence fully establishes the fact that the Croton water pipes on de-

fendant's premises were in a defective condition, and that the damage to plaintiff's property was caused by an overflow from said defective water pipes.   But plaintiff's agent testifies that the first time defendant's attention was called to such overflow was on Friday preceding the Monday when the repairs were made which stopped the overflow. He also testifies that the entire damage suffered by the plaintiff occurred before such notification of the defendant.   The defendant testifies that he frequently visited his premises, and the cellar thereof, before such notification, and never noticed any overflow or dampness on his premises, and had no knowledge of the overflow until he was notified by the plaintiff.   Defendant's testimony is supplemented by the testimony of defendant's witness Peltyn, who testified that he had frequently visited defendant's premises during the period in question, and never noticed any dampness; that he had used the toilets and sinks in defendant's premises, and never noticed any back water in them.   Plaintiff's witness Lee also testified to the same effect.

There is no evidence that the building was improperly constructed and that defendant purchased the building with knowledge of such defects.   On the contrary, the defects were concealed, and were such as would not have become known to the defendant through the exercise of ordinary care.   It appears that it was only after the ripping up of the flooring by the plaintiff after frequent visits to defendant's premises that the defects were discovered.   The rule is well established that, in order to charge an owner with negligence in failing to make repairs, he must have notice, either express or implied, of the existence of the alleged defective conditions and a reasonable time after such notice to remedy the same.   Spencer v. McManus, 82 Hun, 318, 31 N. Y. Supp. 185; Becker v. Bullowa, 36 Misc. Rep. 525, 73 N. Y. Supp. 944; Slater v. Mersereau, 64 N. Y. 139.   The evidence of plaintiff's witness clearly establishes that there was no unreasonable delay in the making of repairs after notice was given to the defendant; there being only one-half day (Saturday) intervening between the time of such notice and the beginning of the repair work by the plaintiff, which was continued and completed by the defendant.

It is sought by the plaintiff to invoke the doctrine res ipsa loquitur in this case.   This doctrine would not apply, inasmuch as the cause of the accident is fully explained.   The only question to be determined is whether the cause of damage was due to the negligence of the defendant in failing to make repairs within a reasonable time after actual or constructive notice thereof.   In my opinion the plaintiff has failed utterly to prove negligence on the part of the defendant, and the trial justice erred in rendering judgment in plaintiff's favor.

It is unnecessary to consider the exceptions taken by defendant as to the admission of evidence.   For the reasons above stated, the judgment should be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.