EATON *v.* CONSUMERS POWER CO.

1. NEGLIGENCE—RES IPSA LOQUITUR.

Rule of *res ipsa loquitur* is not recognized in this State.

2. SAME—PRESUMPTIONS.

Want of care may be presumed from established facts and circumstances.

3. SAME—PRIMA FACIE CASE.

Evidence of facts or circumstances sufficient to raise presumption that accident would not have happened save for want of care on part of defendant makes *prima facie* case for plaintiff.

4. ELECTRICITY—WIRES ACROSS HIGHWAY—STATUTORY HEIGHT—EVIDENCE—INFERENCES.

In action by truck driver against power company for injuries received when his load was caught by electric wire stretched across highway, negligence of defendant in originally placing wires below statutory height should not have been submitted to jury, where there was no evidence from which said fact could be inferred (1 Comp. Laws 1929, § 4056).

5. SAME—NEGLIGENCE—FASTENING WIRES—INSPECTION.

Power company would be guilty of actionable negligence if wire causing accident sagged below statutory height because of its carelessness in originally fastening it, or if its fastening became loose and could have been discovered by reasonable inspection in time to avert injury.

6. SAME—RIGHT OF JURY TO INFER NEGLIGENCE.

As bearing on jury's right to infer that wire would not have sagged below statutory height except for defendant's negligence in fastening it and maintaining it by proper inspection, jury would have right to consider that evidence showed no other possible cause.

7. NEGLIGENCE—PRESUMPTION OF NEGLIGENCE.

Where thing happens which would not ordinarily have occurred if due care had been used, fact of such happening raises presumption of negligence in someone.

As to applicability of rule *res ipsa loquitur* to accidents on highway, due to disordered electrical appliances, see annotation in 22 L. R. A. (N. S.) 1178; 32 L. R. A. (N. S.) 1043.

8. ELECTRICITY—PRESUMPTION OF NEGLIGENCE—PRIMA FACIE CASE.
Circumstances of instant case *held,* sufficient to raise presumption of negligence on part of defendant, and make *prima facie* case for plaintiff.

9. SAME—CONTRIBUTORY NEGLIGENCE.
Truck driver injured by electric wire stretched across highway was not guilty of contributory negligence in failing to examine wire before passing under, since he had right to assume that defendant would properly erect its wires and maintain them in safe condition at statutory height (1 Comp. Laws 1929, § 4056).

10. SAME—EVIDENCE OF HEIGHT OF WIRE AFTER ACCIDENT INADMISSIBLE.
In said action, admission of testimony by plaintiff that wire replaced by defendant after accident was one foot lower than statutory height was error.

11. NEGLIGENCE.
Question of negligence must be determined from conditions at time of accident.

12. ELECTRICITY—NEGLIGENCE—ERECTION OF WIRES AT STATUTORY HEIGHT—MAINTENANCE.
Failure to erect electric wires stretched across highway at statutory height is negligence, but failure to maintain them at said height may or may not be negligence.

13. SAME—RESPONSIBILITY FOR SAGGING WIRES—INSPECTION.
If electric wires properly erected across highway by power company become lower than height required by statute, company is not negligent unless its acts caused them to become so, or unless it had actual knowledge of their condition or by proper and reasonable inspection could have discovered it in time to avert injury; company not being insurer under statute (1 Comp. Laws 1929, § 4056).

Appeal from Genesee; Gadola (Paul V.), J. Submitted October 28, 1931. (Docket No. 94, Calendar No. 35,957.) Decided January 4, 1932.

Case by W. Howard Eaton against Consumers Power Company, a Maine corporation, for personal

injuries alleged to be due to defendant's negligence. Verdict and judgment for plaintiff. Defendant appeals. Reversed, and new trial granted.

*Brownell & Gault,* for plaintiff.

*Carton, Gault & Parker,* for defendant.

McDONALD, J. This is an appeal from the Genesee circuit court where, in an action to recover damages for personal injuries, judgment was entered for the plaintiff on a verdict for $5,000.

The defendant owns a power line along a highway east of the city of Flint, Michigan. At the point of the accident it stretched three electric wires from a pole on the north side of the highway to a residence on the south side. The plaintiff was driving a truck load of baled hay. As he passed under the wires one of them caught on the top of the load, broke loose, and struck him in the face, causing severe injuries which resulted in the loss of the sight of one of his eyes. He brought suit for damages charging negligence in erecting and maintaining the wires. On the trial the defendant rested at the close of the plaintiff's case after moving for a directed verdict on the ground that the plaintiff was guilty of contributory negligence; and that there was no evidence of negligence on its part. Decision was reserved, and after verdict the court refused a motion to enter judgment *non obstante veredicto.* A judgment was entered on the verdict. The defendant has appealed.

The statute, 1 Comp. Laws 1929, § 4056, provides that "in no case shall any wires, cables or other fixtures be placed or be permitted to remain, at less than fifteen feet above any part of the traveled portion of the road."

The negligence complained of was that the defendant either originally placed these wires too low,

or that, due to its negligence, the wire which produced the injury became too low and was permitted to remain so in violation of the statute.

There is no direct evidence of want of care on the part of the defendant. If negligence is found, it must be on presumption arising from the conditions and circumstances attending the accident. The rule of *res ipsa loquitur* is not recognized in this State; so the mere fact that the accident happened is no evidence of negligence. But the plaintiff is not restricted to direct evidence. A want of care may be presumed from established facts and circumstances. In *Barnowsky* v. *Helson*, 89 Mich. 523 (15 L. R. A. 33), it was said:

"It is true that the mere fact of an injury does not impute negligence on the part of anyone, but where a thing happens which would not ordinarily have occurred if due care had been used, the fact of such happening raises a presumption of negligence in someone."

In the instant case, the question is whether the record shows facts or circumstances of a nature to raise a presumption that the accident would not have happened save for the want of care on the part of the defendant. Such a presumption would make a *prima facie* case for the plaintiff. It is undisputed that the plaintiff's load of hay was within the statutory height, and, if the wire had been 15 feet above the traveled portion of the road, the accident could not have occurred. But there is no evidence, either direct or circumstantial, that the wires were not originally placed at the proper height. Only one of them sagged and fell. The evidence shows that they were all about the same height before the accident, and that the other two were in their original position afterwards. It would have been an easy matter

for the plaintiff to have measured them and have given the jury direct evidence as to their height. This he did not do, and, as there are no circumstances from which it could be inferred that they were not originally placed at the height required by the statute, the question as to whether the defendant was negligent in that respect ought not to have been submitted to the jury. But it is undisputed that one of the wires had sagged to such an extent that it was three feet lower than the other wires at the time of the accident. As this wire caused the accident, there was actionable negligence if it sagged because of defendant's carelessness in originally fastening it, or if its fastening became loose and could have been discovered by reasonable inspection in time to avert the injury. There is no other apparent cause for its condition at the time of the accident. Could the jury fairly infer from all of the circumstances that the wire would not have sagged to such an extent except for the negligence of the defendant in fastening it and maintaining it in that condition by proper inspection? They would have the right to consider that the evidence showed no other possible cause. Other possible causes might be the force of some outside agencies as storms, high winds, snow and sleet, or the interference by persons. The accident happened in June. It was shown that there had been no windstorms; and there could have been no interference by persons with the pole or fastenings because the fastenings were high above the ground, the pole was erect after the accident, and the remaining wires were in their original position. It could not have sagged to such an extent by reason of a latent defect in the wire. Nor could the wear of time and usual weather have produced the result, because the wires had been erected only six months

prior to the accident. In view of these facts, may it not be reasonably presumed that the wire would not have suddenly sagged to such an extent if due care had been used in fastening it and by keeping it fastened by proper inspection? The language of the court in *Barnowsky* v. *Helson, supra,* is applicable:

"Where a thing happens which would not ordinarily have occurred if due care had been used, the fact of such happening raises a presumption of negligence in someone."

And in *McLean* v. *Railroad Co.,* 137 Mich. 482 (17 Am. Neg. Rep. 76):

"There was no other probable theory of the cause of the accident. This is not a case, therefore, for the application of the rule that an accident is not of itself negligence."

And in *Schoepper* v. *Hancock Chemical Co.,* 113 Mich. 582:

"It is true that where an injury occurs that cannot be accounted for, and where the occasion of it rests wholly on conjecture the case may fail for want of proof. But such cases are rare, and that rule should never be so extended as to result in a failure of justice, or in denying an injured person a right of action where there is room for balancing the probabilities, and for drawing reasonable inferences better supported on one side than the other."

Following the rule of these cases, we think the circumstances of the instant case are sufficient to raise a presumption of negligence and make a *prima facie* case for the plaintiff. Also, see *Sewell* v. *Railway,* 158 Mich. 407; *Burghardt* v. *Railway,* 206 Mich. 545 (5 A. L. R. 1333); *Bacon* v. *Snashall,* 238 Mich. 457.

In regard to the question of contributory negligence, there is no merit in defendant's contention that it was the duty of the plaintiff to look and to examine the wires before passing under them. He had a right to rely on the assumption that the defendant company would properly erect its wires and maintain them in a safe condition at the height provided by the statute.

The most serious question in the case arises from the introduction of testimony by the plaintiff that the wire replaced by the defendant after the accident was one foot lower than the statutory requirement. This was error. The question of negligence must be determined from the conditions at the time of the accident. A showing of subsequent negligence in placing the wire could have but one effect on the jury, and that to influence them in finding that it was originally negligently placed. It was introduced for that purpose. And notwithstanding the attempt of the court to correct it in his instructions, we think it must have remained in their minds to the prejudice of the defendant. This might not be said if the court had not erroneously left the jury to determine if the wires had been originally erected at the proper height.

Complaint is made of the following instructions relative to the liability of the defendant for failure to maintain its wires at the proper height:

"In other words, there is a duty upon the defendant in this case to maintain their wires at a height of 15 feet, not less than 15 feet over any traveled portion of the road, that being the Davison highway in this case. Now, that is a statutory requirement, so a violation of that statutory requirement would, in and of itself, be negligence on the part of the defendant in this action. If you should find by a preponderance of the evidence that they did allow that

wire to be, or maintained that wire, whether by placing it there originally or allowing it afterwards to remain a less distance than 15 feet, that would of itself be negligence on their part.   *   *   *

"Its failure to erect and maintain its wires at this height is negligence *per se* on the part of said defendant, and therefore renders the defendant liable if you find that the wire of the defendant was the proximate cause of the accident."

This was a wrong instruction. Failure to erect wires at the proper height is negligence; but failure to maintain them may or may not be negligence. It is not in itself negligence. If wires properly erected become lower than the height required by the statute, the defendant is not negligent unless its acts caused them to become so, or unless it had actual knowledge of their condition or by proper and reasonable inspection could discover it in time to avert injury. In other words, the defendant is not made an insurer under the statute. If negligent in maintaining its wires at a proper height, it must be because of failure to keep informed by reasonable inspection as to their condition or failure to act promptly when it has actual knowledge thereof. The jury may have followed this instruction notwithstanding that in another portion of the charge the court correctly stated the rule relative to defendant's liability.

We do not deem it necessary to discuss other objections to the charge, as the portions complained of will probably not be repeated in another trial. The judgment is reversed, and a new trial granted, with costs to the defendant.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.