FISH *v.* GRAND TRUNK WESTERN RAILWAY.

ON REHEARING.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

Plaintiff in action for personal injuries has burden of proving defendant guilty of negligence and himself free from contributory negligence.

2. SAME—RES IPSA LOQUITUR.

There mere occurrence of an accident does not raise a presumption of negligence, since the doctrine of *res ipsa loquitur* does not prevail in this State.

3. SAME—BURDEN OF PROOF.

The burden of proof in an action for negligence never shifts to defendant.

4. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

On appeal from directed verdict for defendant at close of plaintiff's case, it must be assumed that the facts as brought out by the plaintiff are established.

5. RAILROADS—PUBLIC HIGHWAY CROSSINGS—RECIPROCAL RIGHTS.

The rights of a railroad company and the public at highway crossings are, in a sense, reciprocal, and must be exercised in the ordinary manner with due regard to the rights of each other.

6. SAME — PEDESTRIANS — PUBLIC HIGHWAY CROSSINGS — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Whether pedestrian who, upon coming to within five or six feet of railroad track at a public highway crossing, first looked one way and saw no train and upon looking other way saw train approaching and then looked elsewhere, was guilty of contributory negligence in standing so close to the track and in not keeping his eyes continuously on the nearing train *held,* a question for the jury.

7. SAME—PUBLIC HIGHWAY CROSSINGS—PROJECTION FROM TRAIN—NEGLIGENCE—QUESTION FOR JURY.

In action against railroad by pedestrian who stopped at public highway crossing a sufficient distance from the tracks to permit approaching train to pass without endangering his person, record showing plaintiff was struck by some object projecting from the tender *held,* sufficient to render defendant's negligence a jury question.

8. Negligence—Res Ipsa Loquitur—Inferences—Prima Facie Case.

> While the doctrine of *res ipsa loquitur* is not in force in this State, negligence may be inferred from circumstances and where the circumstances are such as to take the case out of the realm of conjecture and place it within the field of legitimate inferences from established facts, at least a *prima facie* case is made.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted January 8, 1936. (Docket No. 19, Calendar No. 38,114.) Decided April 6, 1936. Submitted on rehearing August 4, 1936. Decided November 9, 1936.

Case by Millard Fish against Grand Trunk Western Railway for personal injuries sustained at a railway crossing. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial granted on rehearing.

*Frank Schwartz,* for plaintiff.

*H. V. Spike* and *Wm. W. Macpherson,* for defendant.

### On Rehearing.

Sharpe, J. The facts in this cause were stated *ante,* 273, to which reference is made. When the cause came on for trial and at the close of plaintiff's proof, the defense made a motion for a directed verdict upon the theory that the record disclosed no positive act of negligence in placing the protruding object nor facts showing actual or constructive notice of the claimed projection. The trial court granted the motion, from which plaintiff appealed.

Citation of authority is unnecessary to substantiate the rule that if plaintiff is to recover in this

action he must prove defendant guilty of negligence and himself free from contributory negligence. The mere occurrence of an accident does not raise a presumption of negligence and the burden of proof remains with plaintiff and does not shift. *Weaver v. Motor Transit Management Co.*, 252 Mich. 64; *Kerr v. City of Detroit*, 255 Mich. 446. So, also, when a trial court directs a verdict in favor of defendant at the close of plaintiff's case, it must be assumed that the facts as brought out by the plaintiff are established. *Grand Trunk R. Co. v. Ives*, 144 U. S. 408 (12 Sup. Ct. 679); *Johnson v. Union Carbide Co.*, 169 Mich. 651; *Ballance v. Dunnington*, 241 Mich. 383 (57 A. L. R. 262).

The rights of trains and pedestrians at railway crossings are well stated in *Kelly v. Railroad Co.*, 65 Mich. 186 (8 Am. St. Rep. 876), where the court said:

"The railroad company is the owner of its right of way, and has the right of passage and of use, in the ordinary manner, of its tracks at highway crossings. Likewise do the public have a right of way and of passage across the railroad track to be used and enjoyed in the ordinary manner. These rights are, in a sense, reciprocal, and must be exercised with a due regard to the rights of each other."

In the case at bar plaintiff was not a trespasser upon railway property. He was using the crossing for the purpose of passage and had stopped a sufficient distance from the tracks to permit the train to pass without endangering his person. Plaintiff had a right to expect that the railway company would be using its tracks in the ordinary manner. The question of whether plaintiff was guilty of contributory negligence in standing so close to the railroad tracks and in not keeping his eyes continuously on the approaching train was for the jury. It can-

not be said that plaintiff was guilty of contributory negligence as a matter of law.

The sole question on rehearing is whether plaintiff made out a *prima facie* case for the jury as to the negligence of defendant. We have carefully examined the record and conclude that sufficient facts were shown that would present a jury question as to defendant's negligence. While the doctrine of *res ipsa loquitur* is not in force in this State, we have held that negligence may be inferred from circumstances and that where the circumstances are such as to take the case out of the realm of conjecture and place it within the field of legitimate inferences from established facts, at least a *prima facie* case is made. *Burghardt* v. *Railway,* 206 Mich. 545 (5 A. L. R. 1333); *Wilkins* v. *Bradford,* 247 Mich. 157; *Durfey* v. *Milligan,* 265 Mich. 97; *Eaton* v. *Consumers Power Co.,* 256 Mich. 549; *Bacon* v. *Snashall,* 238 Mich. 457.

"It is true that where an injury occurs that cannot be accounted for, and where the occasion of it rests wholly in conjecture, the case may fail for want of proof. * * * But such cases are rare, and that rule should never be so extended as to result in a failure of justice, or in denying an injured person a right of action where there is room for balancing the probabilities, and for drawing reasonable inferences better supported upon one side than the other." *Schoepper* v. *Hancock Chemical Co.,* 113 Mich. 582.

The judgment of the lower court is again reversed on rehearing and a new trial ordered, with costs to plaintiff.

North, C. J., and Fead, Wiest, Butzel, Bushnell, and Toy, JJ., concurred. Potter, J., took no part in this decision on rehearing.