SCHULTZ *v.* SOLLITT CONSTRUCTION CO.

1. TRIAL—STRIKING OF EVIDENCE—PLEADING.

In action for injuries sustained when struck by pieces of wire being forced through underground conduits by air pressure, striking of evidence that if an automobile stopped or ran over portion of wire remaining on pavement it might snag and break it was not error where no such cause of the break of the wire was alleged or proved by plaintiff.

2. NEGLIGENCE—FORCING WIRES THROUGH UNDERGROUND CONDUITS.

In action for injuries sustained when struck by pieces of wire being forced through underground conduits by air pressure, plaintiff was required to allege and prove actionable negligence on the part of defendant and that such negligence was the proximate cause of the injuries he received.

3. TRIAL—NEGLIGENCE—THEORY OF CASE—QUESTION FOR JURY—PLEADING—EVIDENCE.

In the trial of an action for negligent injuries where the cause of the accident is unknown, a plaintiff is not entitled to have any theory susceptible of logical inference of negligence which was developed on the trial submitted to the jury whether alleged or not.

4. NEGLIGENCE—RES IPSA LOQUITUR.

The doctrine of *res ipsa loquitur* does not prevail in this State.

5. SAME—FORCING WIRES THROUGH UNDERGROUND CONDUITS—PROXIMATE CAUSE—EVIDENCE.

In action against construction company which was forcing wire through an underground conduit for injuries received when struck by pieces of wire, plaintiff, as a matter of law, was not entitled to recover where he failed to show negligence on the part of defendant as the proximate cause of the injuries received.

BUSHNELL, MCALLISTER, and BUTZEL, JJ., dissenting.

Appeal from Berrien; Evans (Fremont), J. Submitted April 11, 1940. (Docket No. 109, Calendar

See 2 Restatement, Torts, § 430 and comment (a) on the relationship of the negligence problem to the cause problem.

No. 41,101.)   Decided January 6, 1941.   Rehearing denied April 11, 1941.

Case by Ryan Schultz against Sollitt Construction Company and Indiana & Michigan Electric Company, Indiana corporations, for personal injuries.   Defendant Indiana & Michigan Electric Company discharged.   Verdict for plaintiff.   Judgment for defendant *non obstante veredicto*.   Plaintiff appeals.   Affirmed.

*Charles W. Gore,* for appellant.

*Harvey & Fisher,* for appellee.

WIEST, J.   This is an action to recover damages for personal injuries.   The defendant Indiana & Michigan Electric Company has been discharged.

The afternoon of August 3, 1938, plaintiff, an attendant at a gasoline filling station in Benton Harbor, while servicing an automobile, was struck on his hand, wrist and leg by pieces of wire.   At that time defendant Sollitt Construction Company was engaged in installing 12-gauge pull wires in underground conduits, reached by a pit in the street, with a manhole entrance about 98 feet distant from where plaintiff was injured, and plaintiff claims that broken wires from that operation caused the injuries he sustained.   The issues were tried by jury with verdict for plaintiff but, under reserved ruling, the court entered judgment in favor of defendant on the ground that no negligence by it was established by the evidence.

The wire being passed through the conduits was later to pull the electric high tension wires.   The wire was headed with a so-called "gopher" fitting the conduit and was forced through by 120 pounds of air pressure.   The wire was stretched along the

street surface for about 300 feet and was drawn over the edge of the manhole to the conduit. It was possible, if tension was applied to the wire on the street to the extent of causing it to break, that the loosened part might fly backward.

The negligence alleged in the declaration was that the wire was unprotected upon the street surface; barriers were not erected; that air pressure was so operated as to pull the wire from the street surface so suddenly as to snap and break the wire. The wire did break at or near the manhole but what caused the break was undisclosed. There was no evidence of any tension causing the break.

At the trial plaintiff called an employee of defendant who was on the job as inspector and he testified that the wire seldom breaks and ''Only— the only way I can tell you about the wire breaking is when you pull it back, you sometimes break the wire pulling this gopher back * * * by hand, * * * we would wrap the wire around a stick and pull it and sometimes it will pull in two. It would just break and fall in the trench. * * * There is no pressure on the wire when you are pulling it back.''

It is manifest that the accident was not occasioned in such a way.

The witness was then asked:

''Supposing this wire was being pushed through, Mr. Cochrane, at 120 pounds pressure and an automobile stopped on it or ran over the wire, wouldn't that be likely to snag it?''

He answered: ''Yes, sir.''

Thereupon counsel for defendant asked that the testimony be stricken out on the ground there was no evidence of a truck or car crossing the wire as it was lying on the pavement. Counsel for plaintiff stated:

"There will not be, that is a ground of legitimate inference under our theory where the instrumentality was entirely within the control of the defendants, and this man is an expert in this business and is representing the defendant, and I have a right to ask him about all reasonable possibilities."

The court struck the testimony out and was not in error in doing so for no such cause of the break of the wire was alleged or proved by plaintiff.

Plaintiff was required to allege and prove actionable negligence on the part of defendant and that such negligence was the proximate cause of the injuries he received.

The evidence failed to point out any particular cause for the pieces of wire, if from defendant's operation, breaking, flying, and striking plaintiff.

We cannot employ the thought advanced by counsel for plaintiff that:

"In cases of this nature, where the precise cause of the accident is unknown, any theory susceptible of logical inference of negligence developed on the trial may be submitted to the jury whether alleged or not."

Plaintiff's case, if any, rested upon the most liberal employment of the doctrine *res ipsa loquitur*. That doctrine does not obtain in this jurisdiction. *Collar* v. *Maycroft,* 274 Mich. 376. In that case we said:

"The burden of establishing his right to recover was upon plaintiff. *Benedict* v. *Rinna,* 257 Mich. 349. Negligence will not be presumed. *Kerr* v. *City of Detroit,* 255 Mich. 446. The doctrine of *res ipsa loquitur* does not prevail in this State. *Eaton* v. *Consumers Power Co.,* 256 Mich. 549. * * *

" 'Negligence cannot be presumed. It must be alleged, and affirmatively shown. A presumption of negligence cannot be raised without foundation, and the mere fact that an injury occurred is no

evidence of fault on the part of defendant.' *Perry* v. *Railroad Co.*, 108 Mich. 130.

" ' 'In effect, the plaintiff relies simply upon the happening of the accident to sustain her claim of negligence on the part of the defendant. That the mere fact of an accident occurring is no evidence of negligence is well established in this State. We have very recently considered this phase of the law in *Elsey* v. *J. L. Hudson Co.*, 189 Mich. 135 (L. R. A. 1916 B, 1284), and numerous decisions are there cited.' *Fuller* v. *Wurzburg Dry Goods Co.*, 192 Mich. 447.' '

Counsel for plaintiff in his brief states:

"Isn't it logical to assume with all the known facts proved in this record, that the accident happened exactly in the manner claimed by the plaintiff? It is certain, under the evidence, that the wire was stopped back of the manhole and while it was moving. This is the only manner in which the accident could have happened."

The record fails to show any stoppage of the wire back of the manhole while it was moving. Plaintiff failed to show negligence on the part of defendant as the proximate cause of the injuries he received, and the court was not in error in so holding.

The judgment is affirmed, with costs to defendant.

SHARPE, C. J., and BOYLES, CHANDLER, and NORTH, JJ., concurred with WIEST, J.

MCALLISTER, J. (*dissenting*). It is the theory of plaintiff in this case that defendant was guilty of negligence in leaving a wire unprotected in a public street while one end of the wire was attached to a plug which was being forced through a conduit under pressure; that because of such negligence, the wire in the street was caught or held by some object; that as a result, the wire was stretched to the breaking point, and whipped or flew through the air striking plaintiff and causing the injuries complained of.

One of the usual practices of the construction com-

pany in charge of the operation was to have an employee hold the far end of the wire, the other end of which was being forced through the conduit, in order to guide it and avoid snarling. This, as testified by defendant's employee in charge of holding and guiding the wire in the operation in the instant case, *was for safety purposes.* Defendant's foreman testified that there had been trouble "with trucks coming along and tangling it up—where the wire would get tangled up and the truck would break the wire." The witness qualified his testimony by stating that this happened "Sometimes before we had put the pressure on." But it is obvious that the danger of such a situation would be increased when the pressure was applied. The witness, however, further testified that traffic was apt to drive on the wire, if it was on the pavement. There was evidence that if the unguarded end of the wire became entangled in traffic, it would "fly when it broke;" that it "could be whipped over up the street." The wire that struck defendant was 12-gauge wire, the same kind and size as that being used in defendant's operation. It had, however, "been elongated by considerable pressure being applied to it" and had been stretched to the breaking point; and this fact was obvious from an inspection of the wire.

At the time that plaintiff was struck by flying wire, the employee who had been guiding it during the forcing operation had dropped it and left it loose on the street while he went over to the manhole.

We have therefore before us the evidence that the holding of the wire to guide it while pressure was being used to force it through the conduit was for the purposes of safety; that trucks had previously driven over such wires in other operations, causing them to be broken; that in the operation in question,

an employee had been so guiding it; that just before the accident, this employee had dropped the wire and left it free in the street; that plaintiff was struck by a piece of flying wire of the same kind and size as that which was being used by defendant; that the wire which struck plaintiff had been elongated by considerable pressure and had been stretched to the breaking point.

It doubtless would be conceded that the jury could have found that the wire which struck plaintiff was a piece of the wire used by defendant in its operation, and that defendant had been negligent in not guiding the wire in the street while under pressure; and it was, further, within the province of the jury to find that the wire had been broken as a result of pressure applied in the forcing operation and because this wire under tension had been caught or held by some object in the street. They could further find that, as a result of the wire's being so caught or held, it was snapped or whipped through the air and as a result struck plaintiff.

The only point on which there is no direct evidence is what caused the wire to break. Under the foregoing evidence, the jury could draw reasonable inferences that the breaking of the wire resulted from the negligence of the defendant.

In *Bacon* v. *Snashall*, 238 Mich. 457, where plaintiff suffered injuries resulting from an automobile which coasted down a hill, after it had been parked at the curb by defendant, it was held that the jury could draw inferences that defendant had negligently parked his car. In deciding the case, the court said:

"Defendant claims, in substance, that the doctrine of *res ipsa loquitur* does not apply in this jurisdiction, and there is no testimony direct or inferential showing how this car, which was left by defendant safely locked and brakes firmly set, started an hour later down the incline as it did.

"It is true, as contended for the defense, that the mere happening of an accident, standing alone, is not evidence of negligence, but, in that connection, this court has uniformly held that negligence may be established by circumstantial evidence, and where the circumstances are such as to take the case out of the realm of conjecture to within the field of legitimate inferences from established facts, a *prima facie* case is made.

" 'Negligence, like any other fact, may be inferred from the circumstances; and the case may be such that, though there be no positive proof that defendant has been guilty of any neglect of duty, the inference of negligence would be irresistible.' *Alpern* v. *Churchill,* 53 Mich. 607.

"Such a rule has been repeatedly announced by this court."

In *Durfey* v. *Milligan,* 265 Mich. 97, it was said:

"While the accident alone is not evidence of negligence, the accident itself, together with the surrounding circumstances and legitimate inferences, may establish negligence (*Burghardt* v. *Railway,* 206 Mich. 545 [5 A. L. R. 1333] ; *Ignaszak* v. *McCray Refrigerator Co.,* 221 Mich. 10), and—'where a thing happens which would not ordinarily have occurred if due care had been used, the fact of such happening raises a presumption of negligence in some one.' *Barnowsky* v. *Helson,* 89 Mich. 523 (15 L. R. A. 33)."

In *Schoepper* v. *Hancock Chemical Co.,* 113 Mich. 582, where it was alleged that plaintiff's decedent was killed as a result of an explosion caused by defendant's negligence, the court said:

"It is true that where an injury occurs that cannot be accounted for, and where the occasion of it rests wholly in conjecture, the case may fail for want of proof. *Robinson* v. *Charles Wright & Co.,* 94 Mich. 283 ; *Redmond* v. *Delta Lumber Co.,* 96 Mich. 545. But such cases are rare, and that rule should never be so extended as to result in a failure of justice, or in denying an injured person a right of action where there is room for balancing the proba-

bilities, and for drawing reasonable inferences better supported upon one side than the other. In this case there was no direct proof of any other probable producing cause of the explosion than such as was offered by the plaintiff.''

In *Fish* v. *Railway,* 275 Mich. 718, the court said:

''The sole question on rehearing is whether plaintiff made out a *prima facie* case for the jury as to the negligence of defendant. We have carefully examined the record and conclude that sufficient facts were shown that would present a jury question as to defendant's negligence. While the doctrine of *res ipsa loquitur* is not in force in this State, we have held that negligence may be inferred from circumstances and that where the circumstances are such as to take the case out of the realm of conjecture and place it within the field of legitimate inferences from established facts, at least a *prima facie* case is made. *Burghardt* v. *Railway,* 206 Mich. 545 (5 A. L. R. 1333); *Wilkins* v. *Bradford,* 247 Mich. 157; *Durfey* v. *Milligan,* 265 Mich. 97; *Eaton* v. *Consumers Power Co.,* 256 Mich. 549; *Bacon* v. *Snashall,* 238 Mich. 457.''

In *Oleksza* v. *Nolan,* 258 Mich. 240, in an action for damages to plaintiff's house alleged to have been caused by defendant's negligence in constructing a sewer, the court said, in holding that there was sufficent testimony to sustain a verdict for plaintiff:

''By force of circumstances, plaintiffs were not able to trace the moving of the house unequivocally and directly to a specific act of defendant. However, the testimony was that two possible conditions could have caused the ground to shift—that the contractor neglected to fill in with earth around the tunnel during construction, and absorption of moisture through the brick of the sewer, the ground being of a soft, damp character. The contractor himself did not think the latter condition responsible for the damage. There was evidence of voids around the tunnel which could have caused it. It is

not an application of the doctrine of *res ipsa loquitur* to find negligence from a condition which is shown to have existed and *which could have caused the damage,* and all other possible explanations are excluded.''

In *Baker* v. *Railroad Co.,* 169 Mich. 609, the court said:

''To make such negligence the proximate cause of an injury, it must be the natural and probable consequence of the negligent act, which, under the circumstances, an ordinarily prudent person ought reasonably to have foreseen might probably occur as the result of his negligent act. Where an act is negligent, to render it the proximate cause it is not necessary that the one committing it might have foreseen the particular consequence or injury, or the particular manner in which it occurred, if by the exercise of reasonable care it might have been anticipated that some injury might occur.''

In *Waidelich* v. *Andros,* 182 Mich. 374, it was said:

''To make a *prima facie* case of the defendant's negligence it was incumbent upon plaintiff to prove an injury from an unusual occurrence, of such a nature as to indicate defendant's negligence, and such facts in respect to the occurrence indicating negligence as were reasonably in his power. The rule is thus well stated in *Rosenfield* v. *Arrol,* 44 Minn. 395 (46 N. W. 768, 20 Am. St. Rep. 584):

'' 'Negligence, which is the want or absence of ordinary care, is the gist of the action, and the burden was upon the plaintiffs to prove facts from which it could fairly be inferred that the defendant's negligence was the proximate cause of the injury. The evidence need not be direct and positive. The fact of negligence in any given case is susceptible of proof by evidence of circumstances bearing more or less directly upon the fact. The plaintiffs were not bound to prove more than enough to raise a fair presumption of negligence on the part of the de-

fendant, and of resulting injury to themselves. Having done this, they were entitled to recover, unless the defendant produced evidence sufficient to rebut this presumption. 1 Shearman & Redfield, Negligence (6th Ed.), §§ 57, 58, and cases cited.' "

In *Stoody* v. *Railway Co.*, 124 Mich. 420 (8 Am. Neg. Rep. 65), the court, in deciding the case, quoted with approval the following from 4 Elliott on Railroads (1st Ed.), § 1644:

"It is, therefore, too broad a statement of the rule to say that in all cases a presumption of negligence on the part of the carrier arises from the mere happening of an accident or an injury to a passenger, regardless of the circumstances and nature of the accident. The true rule would seem to be that, when the injury and circumstances attending it are so unusual and of such a nature that it could not well have happened without the company being negligent, or when it is caused by something connected with the equipment or operation of the road, over which the company has entire control, without contributory negligence on the part of the passenger, a presumption of negligence on the part of the company usually arises from proof of such facts, in the absence of anything to the contrary, and the burden is then cast upon the company *to show that its negligence did not cause the injury.*"

In *Tozer* v. *Railroad Co.*, 195 Mich. 662, this court approved the following statement of the trial judge:

" 'If a man does an act and he knows, or by the exercise of reasonable foresight should have known, that in the event of a subsequent occurrence, which is not unlikely to happen, injury may result from his act, and such subsequent occurrence does happen and injury does result, the act committed is negligent, *and will be deemed to be the proximate cause of the injury.*' "

In *Lamb* v. *Consumers Power Co.*, 286 Mich. 228, it was held, in an action for personal injuries alleged to be the result of defendant's negligence, that in order for the plaintiff to recover, it must appear that his injury was the natural and probable consequence of a negligent act or omission of the defendant, which under the circumstances an ordinarily prudent person ought reasonably to have foreseen or anticipated might possibly occur as a result of such act or omission. But it was said that it is not necessary that the manner in which a person might suffer injury should be foreseen or anticipated in specific detail in order to render one liable for negligence.

From the foregoing, I am of the opinion that the jury could draw inferences that the breaking of the wire was the result of defendant's negligence and that such negligence was the proximate cause of the injuries. The order of the circuit court entering judgment notwithstanding the verdict should be reversed and set aside, and a judgment on the verdict should be ordered entered in favor of plaintiff, with costs to be taxed.

BUSHNELL and BUTZEL, JJ., concurred with Mc-ALLISTER, J.