JACK E. SEGAL AND OTHERS, COPARTNERS d.b.a. JAC-SHER WOOLEN COMPANY, v. BLOOM BROTHERS COMPANY AND ANOTHER.

82 N. W. (2d) 359.

April 12, 1957—No. 36,838.

368

*Joe A. Walters,* for appellants.

*Robins, Davis & Lyons, Sidney S. Feinberg, Leonard, Street & Deinard,* and *Melvin H. Siegel,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action by Jac-Sher Woolen Company, a copartnership, to recover for losses resulting from water damage to their personal property, which they allege was the result of the negligence of their cotenant, defendant Bloom Brothers Company, a corporation, and its landlord, defendant First Avenue Realty Company, Inc., a corporation, in the installation and maintenance of a gas water heater on the floor above that occupied by plaintiffs at 201 First Avenue North, Minneapolis. On motion prior to trial, an order was made dismissing the action as to First Avenue Realty Company, Inc., from which no appeal was taken.

In their complaint plaintiffs alleged that Bloom Brothers Company, hereafter referred to as defendant, was negligent (1) in the maintenance and operation of the water heater; and (2) in locating it in the area in which it was affixed to the floor of their premises. They further alleged that aside from ordinary negligence defendant

was liable to them by reason of the terms of the written lease between defendant and First Avenue Realty Company which provided:

"* * * the tenant will keep * * * the equipment, plumbing, drains, fixtures, appliances and machinery in, upon, serving or appurtenant to said demised premises, in good repair * * * during said term, * * * [and]

\* \* \* \* \*

"* * * assumes all liability and obligation on account of all damages on account of the matters and things above referred to, and agrees to save the lessor harmless thereon and therefrom, * * *."

Before trial a partial summary judgment limited defendant's liability to that imposed by reason of negligence without reference to the provisions of the lease as set forth above.

At the close of the evidence the court denied plaintiffs' request that the jury be instructed that the doctrine of res ipsa loquitur applied. Its instructions included the following:

"The plaintiffs contend that there was negligence on the part of the defendant * * * in that the hot water heater * * * was improperly installed with respect to its location, * * *.

"* * * under the evidence in this case there has been no legal proof that the defendant was negligent in these respects."

On one certain issue of negligence submitted to the jury, it returned a verdict in defendant's favor, and no question is raised as to the sufficiency of the evidence to support this result.

Plaintiffs appeal from an order denying their motion for judgment notwithstanding the verdict or for a new trial. They contend here that the trial court erred (1) in refusing to submit the issue of negligence under doctrine of res ipsa loquitur as requested; (2) in refusing to submit the issue of negligence in the installation of the water heater in an area without drainage when one with drainage was available; and (3) in dismissing plaintiffs' claim based upon the provisions of the lease as above set forth.

The evidence disclosed that for many years prior to September 28, 1952, defendant occupied the third and fourth floors of the building

known as 201 First Avenue North, Minneapolis. Their last lease thereon, which included the terms relied upon by plaintiffs, is dated June 11, 1952, and extends for a period of five years from August 1, 1952.

In 1945 defendant installed a 20-gallon automatic gas water heater, manufactured by American Radiator and Standard Sanitary Corporation, on the third floor of the property to furnish hot water to washrooms provided by defendant for its employees. The installation was not in violation of any ordinances of Minneapolis. It was maintained and operated by one of the defendant's employees. A heavy layer of insulation covered the entire tank which formed a part thereof. It was located some 25 feet from a third-floor washroom and lavatory included in defendant's leased premises. The washroom floor was of concrete in which a floor drain had been installed to permit drainage of excess or spilled water. There was adequate room so that the water heater could have been installed in this room near such drain.

Since 1949 plaintiffs occupied the second floor of the property, directly below defendant's premises and the water heater therein. Other tenants occupied other portions of the building, and all tenants used still other portions thereof in common with each other.

On September 28, 1952, plaintiffs were engaged in the mail-order business, covering sale of ready-to-wear garments, blankets, and like items. On that date (a Sunday) water escaping from a hole in the tank of the hot water heater under the insulation seeped through the third floor of the premises onto plaintiffs' stock of merchandise on the second floor causing substantial damages thereto and giving rise to this action.

Testimony submitted on behalf of defendant was to the effect that, prior to September 28, 1952, there had been no leak in the heater and that no one had otherwise observed any defects in the external surfaces thereof.

■ We are of the opinion that the trial court was correct in denying plaintiffs' request for an instruction that plaintiffs might recover under the doctrine of res ipsa loquitur. It appears established that

this doctrine is applicable only when an accident is of a kind which normally does not occur in the absence of someone's negligence. As stated in Prosser, Torts (2 ed.) § 42, "there are many accidents which, as a matter of common knowledge, occur frequently enough without anyone's fault. * * * and to such events res ipsa loquitur does not apply." State, by Burnquist, v. Paskewitz, 233 Minn. 452, 47 N. W. (2d) 199; Power v. Village of Hibbing, 182 Minn. 66, 233 N. W. 597. Here, there is nothing to support a finding that the deterioration or corrosion of the water-heater tank, with the resulting leakage, might be regarded as an accident which normally would not occur without negligence. The record indicates that plaintiffs submitted no evidence on this issue, and otherwise there is nothing therein to support such a determination so that the doctrine of res ipsa loquitur would apply. In the absence of such proof, it would follow that plaintiffs were not entitled to the requested instruction. Risberg v. Duluth, M. & I. R. Ry. Co. 233 Minn. 396, 47 N. W. (2d) 113; Prosser, Torts (2 ed.) § 42.

■ In addition, the evidence established without dispute that the escaping water came from a crack in the tank of the heater which had been completely covered by the insulation. Defendant submitted testimony that on no occasion prior to the date of the damage had any of its representatives or employees discovered that the tank had thus cracked; and that, although the heater at all times was in plain view in its room, no one had ever discovered a leak therein or observed moisture on any part of its surface or in its near vicinity.

The duties which rested upon defendant were those common-law obligations of due care which ordinarily rest upon the owner of real property in his relationship to those who occupy adjoining premises. Kleinman v. Banner Laundry Co. 150 Minn. 515, 186 N. W. 123, 23 A. L. R. 479; Rosenfield v. Arrol, 44 Minn. 395, 46 N. W. 768. Reasonable care in the maintenance and operation of such appliances imposes upon him the obligation of making reasonable periodic inspections thereof to ascertain whether they are in good repair and to take measures to repair them if not. Mayzlik v. Lansing Elev. Co. 241 Minn. 468, 63 N. W. (2d) 380; Anderson v. Winkle, 213 Minn.

77, 5 N. W. (2d) 355. It would seem unreasonable to hold that, in the case of a gas water heater permanently covered with insulation, such as here involved, the duty of inspection would require an owner to periodically remove such insulation so that it might be determined whether rust or corrosion was affecting the tank which it covered. We find support for this conclusion in many decisions involving similar appliances. Ryder v. Kinsey, 62 Minn. 85, 64 N. W. 94, 34 L. R. A. 557, 54 A. S. R. 623; Heidemann v. City of Sleepy Eye, 195 Minn. 611, 264 N. W. 212; Fitzgerald v. Goldstein, 56 Misc. 677, 107 N. Y. S. 614. Since defendant had no notice of defects in the heater and since a reasonable inspection thereof would not have disclosed them to it, it is clear that plaintiffs failed to establish any specific negligence on its part.

■ Of course, the failure to establish specific claims of negligence relied upon does not necessarily bar a finding of negligence under the doctrine of res ipsa loquitur where the accident is of the kind which normally does not occur in the absence of negligence; and where general allegations of negligence also have been pleaded. Rule 43.06 of Rules of Civil Procedure. Had the evidence here established that the accident was of the kind described and permitted the inference that it might have arisen from some cause other than that specifically demonstrated which possibly was attributable to defendant's want of reasonable care; or had the credibility of defendant's witnesses on this issue been subject to challenge, res ipsa loquitur might have been applicable. Anderson v. Eastern Minnesota Power Co. 197 Minn. 144, 266 N. W. 702; Cullen v. Pearson, 191 Minn. 136, 253 N. W. 117, 254 N. W. 631. The absence of such proof and the lack of any circumstances which would cast doubt upon the credibility of defendant's witnesses made clear that the only cause to which plaintiffs could trace their damage was one in which defendant was free from negligence in every respect. Accordingly, the doctrine of res ipsa loquitur could not have applied. Ryder v. Kinsey, 62 Minn. 85, 64 N. W. 94, 34 L. R. A. 557, 54 A. S. R. 623.

■ Plaintiffs urge that defendant's failure to install the heater in the washroom where there was adequate drainage and tile flooring

would support a finding of negligence. They concede that the water heater was not such a dangerous instrumentality as to require drainage of the kind afforded in the washroom under all circumstances but contend that, where the exercise of only a slight degree of care in installing it there would have removed all risks, it was negligent for defendant not to do so.

In the installation of appliances not essentially hazardous, the exercise of reasonable care does not require that the owner or the installer thereof install them in the safest location under all circumstances or that he install them in such a way as to reduce the possibility of danger to an absolute minimum. The nature of the appliance, its intended use, and the cost and convenience of installation in the place selected as compared to that in the place suggested are all factors to be considered. See, McDonald v. Fryberger, 233 Minn. 156, 46 N. W. (2d) 260; Rosenfield v. Newman, 59 Minn. 156, 60 N. W. 1085.

There is nothing here to establish that defendant did not exercise this required degree of care. The heater was not inherently hazardous, and its installation in the place selected violated no statutes or ordinances, thus distinguishing the present situation from that involved in Wright v. Holland Furnace Co. Inc. 186 Minn. 265, 243 N. W. 387, relied upon by plaintiffs. There was no evidence as to the comparative cost of its installation in the washroom with that incurred for installation in the place selected. There is nothing to support a finding that its installation in the latter location under ordinary circumstances would have resulted in any hazards or risks. It is clear that the evidence was insufficient to justify submission of this issue to the jury.

■ A plumbing and heating contractor called as an expert by plaintiffs was asked whether "the installation and location of a hot water heater on the concrete floor in the women's wash room would have conformed with acceptable and customary plumbing practices?" Defendant's objection to this question was sustained on the ground that it was irrelevant to any issues. Evidence as to ordinary and uniform custom in the performance of similar acts in similar situations

may sometimes be competent on the issue of negligence. Hartmon v. National Heater Co. 240 Minn. 264, 60 N. W. (2d) 804; Carlin v. Kennedy, 97 Minn. 141, 106 N. W. 340. The question here, however, was not directed toward evidence of ordinary and uniform custom but rather as to whether installation in the washroom would have conformed with acceptable and customary plumbing practices. Had it been answered in the affirmative, the evidence would still fall short of supporting a finding of negligence on this particular issue in view of subsequent testimony by this witness that the place selected by defendant was not in violation of any ordinances and that it always had been permissible to locate such appliances in similar locations. It would follow that the error, if any, in the rejection of this evidence was immaterial.

■ Plaintiffs' final contention is that the covenant in the lease between defendant and First Avenue Realty Company, Inc., owner of the premises, wherein defendant covenanted to keep the equipment, plumbing, drains, fixtures, and appliances in good repair and assumed all liability on account of damages in connection therewith, inured to plaintiffs' benefit and gave rise to a right of action for any damages resulting from a violation of such contractual provisions. Applicable rules in situations of this kind do not give support to this contention. It is generally held that an expressed covenant to make repairs in a lease does not inure to the benefit of one not a party to the agreement even though the latter be lawfully on the leased premises. It can be resorted to only by the parties to the agreement or their assigns. The obligation of the party required to make repairs by the terms of the lease, to those lawfully on the premises but not parties to the covenant, is governed by the principles of negligence above expressed. Reynolds v. Van Beuren, 155 N. Y. 120, 49 N. E. 763, 42 L. R. A. 129; Odell v. Solomon, 99 N. Y. 635, 1 N. E. 408; cf. Saturnini v. Rosenblum, 217 Minn. 147, 14 N. W. (2d) 108, 163 A. L. R. 294. So here defendant's obligation to plaintiffs did not arise out of the terms of its lease with First Avenue Realty Company, Inc., but rather rested upon common-law obligations which required only that it exercise due care in the maintenance

and operation of the heater, an obligation which, as the evidence outlined above established, it had performed.

The order appealed from is affirmed.

Affirmed.