TED BASSETT, d.b.a. TED BASSETT FLOOR COVERING
SERVICE, v. JOHN F. RYBAK.

200 N. W. 2d 399.

August 4, 1972—No. 43200.

*James G. Paulos,* for appellant.

*Jardine, Logan & O'Brien* and *Michael J. Healey,* for respondent.

Heard before Knutson, C. J., and Otis, Kelly, and Gunn, JJ.

PER CURIAM.

The trial court directed a verdict for defendant, and plaintiff appeals from that court's denial of a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

Plaintiff, who has occupied as a tenant since May 1966 the west half of the first floor of a building owned by defendant, brought this action to recover for losses resulting from water damage allegedly due to defendant's negligence caused by a backup of a sewer in July 1969. The property was used by plaintiff for commercial purposes and living quarters. Defendant used the east half of the first floor to operate a store and meat market. Other tenants rented apartments on the floor above.

It appears from the evidence that 2 months after plaintiff moved into the premises, sewer water backed up into his rented quarters and that defendant was notified of the damages that were then incurred. No evidence was offered as to the cause of this backup or that it had any relationship to the backup causing the damages complained of in the instant case.

The damages for which this action was brought occurred approximately 2 years later, on July 3, 1969. It was admitted that on that date

toilet water backed up into plaintiff's living quarters from the toilet and a drain, causing the damages complained of.

There is no question but that the backup of July 3, 1969, was due to an obstruction in the sewer line which was cleared that day by a sewer service man. There is no evidence that there was any defect in the pipe itself. Plaintiff's own expert testified that the cause of the obstruction "could be anything * * * flushed down through the pipes." The layout of the sewer pipes and other evidence made it clear that the pipe was not blocked by anything flushed through the pipes coming from that part of the building occupied by defendant, and that the item causing the obstruction must have come from premises occupied by the other tenants or from plaintiff's quarters. The plaintiff's witness also testified that nobody cleans the type of pipe that had been clogged until it gets plugged, and that these pipes do not need to be cleaned as a preventive maintenance problem.

The trial court found that the sewer line was under the control of defendant and that by reason of the nature of the line, the landlord would have no duty to inspect under the circumstances in this case. The court relied upon the case of Segal v. Bloom Brothers Co. 249 Minn. 367, 82 N. W. 2d 359 (1957), which arose out of a claim to recover for damage due to water leaking from a gas water heater. In that case, the court said (249 Minn. 372, 82 N. W. 2d 363):

"The duties which rested upon defendant were those common-law obligations of due care which ordinarily rest upon the owner of real property in his relationship to those who occupy adjoining premises. Kleinman v. Banner Laundry Co. 150 Minn. 515, 186 N. W. 123, 23 A. L. R. 479; Rosenfield v. Arrol, 44 Minn. 395, 46 N. W. 768. * * * It would seem unreasonable to hold that, in the case of a gas water heater permanently covered with insulation, such as here involved, the duty of inspection would require an owner to periodically remove such insulation so that it might be determined whether rust or corrosion was affecting the tank which it covered. We find support for this conclusion in many decisions involving similar appliances. Ryder v. Kinsey, 62 Minn. 85, 64 N. W. 94, 34 L. R. A. 557, 54 A. S. R. 623; Heidemann v. City of Sleepy Eye, 195 Minn. 611, 264 N. W. 212; Fitzgerald v. Goldstein, 56 Misc. 677, 107 N. Y. S. 614. Since defendant had no notice of defects in the heater and since a reasonable inspection thereof would not have disclosed them to it, it is clear that plaintiffs failed to establish any specific negligence on its part."

As stated, there was no evidence of any defect in the plumbing nor was there any evidence as to the cause of the first backup or that it was

in any way related to the backup giving rise to this action. Furthermore, the sewer remained in operation for about 2 years thereafter.

It would be unreasonable to hold that, in the case of a sewer pipe extending through the building, it would be the landlord's duty to inspect the pipe to be certain that it was at all times passable. Obviously, the pipe could become plugged by some object flushed down the toilet by any one of the tenants shortly after an inspection. Thus, periodic inspection would be ineffective and a continuous inspection would be impractical and unreasonable.

The order of the trial court is affirmed as there was no proof that defendant landlord had notice of any defect or that, under the circumstances of this case, he had a duty to inspect the sewer pipe.

Affirmed.

Mr. Justice MacLaughlin, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.