GRAND TRUNK WESTERN RAILROAD CO. *v.* LOVEJOY.

1. PLEADING—EVIDENCE—ADMISSIONS.

Statements contained in a litigant's pleading insofar as they are admissions against interest rather than self-serving are treated as evidence thereof (Court Rule No. 23, § 6 [1933]).

2. SAME—ADMISSIONS.

Admissions of facts or circumstances contained in a litigant's pleading need not be proven by an opposing litigant (Court Rule No. 23, § 6 [1933]).

3. AUTOMOBILES — RAILROAD CROSSING — ADMISSIONS — NEGLI-GENCE—AMENDMENT OF PLEADING.

In railroad company's action against motorist for damages aris-ing from alleged negligence of latter in which defendant claimed error was committed by failing to direct verdict for him at close of plaintiff's proofs, defendant's admission in his answer that his service car or automobile wrecker had been driven onto track and stopped at highway crossing in front of plaintiff's rapidly approaching train was sufficient

---

Conduct in emergency as negligence or contributory negligence, see 2 Restatement, Torts, §§ 296, 470.

One is liable for his negligence proximately causing damage even though concurrent negligence of third person is also substantial factor in causing damage, see 2 Restatement, Torts, § 439.

to support finding of negligence on part of defendant on his motion for directed verdict at close of plaintiff's proofs notwithstanding theory of plaintiff's declaration was that defendant had failed to remove his car after it had been hit by another truck and before plaintiff's train came along, especially in view of the right to amend to conform with the proofs (Court Rule No. 72 [1933]).

4. Pleading—Amendment.

Pleadings may be amended even in the Supreme Court to conform to the proofs (Court Rule No. 72 [1933]).

5. Automobiles—Rear-End Collision—Presumption of Negligence.

Statutory presumption that driver of overtaking vehicle involved in rear-end collision was guilty of negligence was sufficient to hold owner, user and driver of such overtaking vehicle upon their motion for directed verdict at close of plaintiff's proofs in action against them and owner of overtaken vehicle by railroad company whose locomotive and tracks were damaged after overtaking truck had collided with overtaken truck at railroad crossing (1 Comp. Laws 1929, § 4788).

6. Same — Rear-End Collision — Negligence — Railroads — Question for Jury.

In railroad company's action against first defendant whose service car was driven to or onto plaintiff's track and then pushed off planking of crossing by truck belonging to other defendants, evidence presented a question for jury as to negligence of first defendant.

7. Negligence—Emergency.

An emergency caused by one's own negligence does not afford such person an excuse for failure to use due care.

8. Automobiles—Railroads—Crossings—Emergency.

Emergency status of motorist who drove service car to or onto railroad track at highway crossing and, after stopping, was pushed off crossing planking by truck belonging to other defendants does not excuse first motorist from liability for his negligence in railroad company's action for damages to locomotive and tracks.

9. Same—Concurrent Negligence—Rear-End Collision—Proximate Cause.

In railroad company's action against service car owner whose truck came onto railroad track in front of fast passenger train, fact that another truck collided with rear end of serv-

ice car and thereby also proximately caused accident would not relieve first motorist from liability for damages for his own negligence.

10. NEGLIGENCE—CONCURRENT NEGLIGENCE—PROXIMATE CAUSE.

Recovery against one or more may be had for injury resulting from the concurrent negligence of two or more, each proximately contributing to the result.

11. SAME—RES IPSA LOQUITUR.

The doctrine of *res ipsa loquitur* is not resorted to in this jurisdiction.

12. AUTOMOBILES—RAILROADS—CONTRIBUTORY NEGLIGENCE—WARNING DEVICES.

Plaintiff railroad company whose passenger train was travelling 70 miles an hour about 2:20 a.m. early in October, whose locomotive bell was rung, whistle sounded, headlight lighted and various roadside warning devices were in operation, *held,* not guilty of contributory negligence as a matter of law barring recovery in action against motorists for damages to locomotive and tracks resulting from crossing accident.

13. APPEAL AND ERROR—VERDICTS—GREAT WEIGHT OF EVIDENCE.

Verdict of jury in favor of plaintiff railroad company against motorists for damages to locomotive, tracks and safety equipment *held,* not against great weight of evidence.

14. SAME—DIRECTED VERDICT—JUDGMENT NON OBSTANTE VEREDICTO—RECORD.

Denial of defendants' motions for directed verdict at close of all the proofs and also for judgment *non obstante veredicto* was proper under record presented in railroad company's action against motorists for damages sustained at crossing accident.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted October 7, 1942. (Docket No. 27, Calendar No. 42,041.) Decided December 23, 1942.

Case by Grand Trunk Western Railroad Company, a corporation, against Milo D. Lovejoy, Atlas Salvage Company, Ralph Futernick, and Lavert Williams for damages to locomotive and other equipment sustained in a railroad crossing accident. Ver-

dict and judgment for plaintiff. Defendants appeal. Affirmed.

*Mason, Sharpe & Stratton* (*H. V. Spike* and *Wm. W. MacPherson,* of counsel), for plaintiff.

*Jackson, Fitzgerald & Dalm,* for defendant Lovejoy.

*Benjamin S. Pagel,* for defendants Atlas Salvage Company, Futernick, and Williams.

NORTH, J. This is a motor vehicle, railroad-crossing accident suit in reverse. The railroad company sued the owners and drivers of the two vehicles involved for damages to its property. On trial by jury plaintiff had verdict and judgment was entered thereon. Defendants have appealed.

At the close of plaintiff's proofs defendant Lovejoy in his own behalf and the other defendants in their behalf by separate motions moved the court for direction of verdict in their favor on the ground that plaintiff had offered no proof tending to establish actionable negligence on the part of the respective defendants. The trial court refused to so direct a verdict, but reserved decision thereon. Thereafter defendant Lovejoy testified in his own behalf. The first question presented by this appeal is whether denial of the above motions was error. We first consider the motion of defendant Lovejoy.

Plaintiff's proof tended to establish the following facts and circumstances incident to the accident, which occurred at the outskirts of the village of Schoolcraft, Kalamazoo county, Michigan, where US-131 runs north and south and crosses the right-of-way of the Grand Trunk Western Railroad Company. The double line of railroad tracks extends

southwesterly and northeasterly from this crossing, and in the southwesterly direction these tracks extend in a straight line 4 or 5 miles. Plaintiff's train, involved in the accident, which happened about 2:20 a.m., October 8, 1940, approached the crossing from the southwest. This was a streamlined fast passenger train consisting of the locomotive and 13 cars. Its speed was approximately 70 miles per hour. As it approached the crossing the locomotive bell was ringing, the whistle was sounded and the standard locomotive headlight equipped with a 250-watt-electric bulb enabled the engineer and fireman who were keeping a lookout to observe an object on the track at a distance of 800 feet. This light was clearly visible from the crossing as Lovejoy approached. At the crossing the following safety devices were maintained and in working order: A reflectorized railroad warning sign was located at the easterly side of the highway about 300 feet south of the crossing; and at the crossing there were flasher lights, an electric bell and a one-lane gate arm which were operated automatically by the approaching train; but it may be inferred from plaintiff's testimony these safety devices, because of the distance of the train at the time, had not begun to operate as Lovejoy approached plaintiff's tracks. Also about 50 feet south of the crossing there was maintained and in operation at the time an overhead street light.

When plaintiff's train was about 800 feet southwest of the crossing the engineer observed a man standing on the crossing, waving his hand. The fireman saw the truck which belonged to defendant Lovejoy on the railway tracks. The engineer at once applied the emergency brakes which automatically placed sand on the rails, but in spite of every effort the train struck and completely demolished

the truck, and before coming to a complete stop proceeded approximately half a mile beyond the crossing. The motor vehicle on the track was a service car or truck, commonly called an automobile wrecker or towing car. A portion of the wrecked truck by the impact was jammed under the locomotive pilot and as the train proceeded beyond the crossing substantial damage was done to the railroad tracks, ties, safety equipment and locomotive.

At the time plaintiff rested there was also before the court insofar as defendant Lovejoy is concerned his own statement contained in his answer to plaintiff's declaration as to the following circumstances connected with the accident:

"This defendant admits that at and about the time said train above referred to was approaching the crossing and intersection of said railroad right of way with highway US-131 that this defendant was operating a motor vehicle known as an automobile wrecker and towing truck in a northerly direction on said highway and approaching said railroad right of way on said highway from the south and that on making discovery of the existence of a train on said tracks coming from the southwest and about to cross said highway this defendant brought his wrecker and towing truck to a stop; that said wrecker or towing truck was brought to a stop at a point in said highway where the front part of said truck was approximately on the south rail of the track on which said train was traveling; that defendant on discovery of the presence of said train traveling as aforesaid undertook to back his truck off said track and that while engaged in attempting to put his gears in reverse and back away from said track so as to avoid being struck by said train this defendant's truck was struck on the left and rear end by motor vehicle approaching from the south and also

struck at or near the front end by the plaintiff's train.''

In this jurisdiction under court rules all statements contained in a litigant's pleading insofar as they are admissions against interest rather than self-serving are treated as evidence thereof. And such admitted facts or circumstances need not be proven by an opposing litigant. Court Rule No. 23, § 6 (1933).

Plaintiff in making its case produced a witness who was a night watchman and who was in the vicinity of the accident at the time it occurred. He heard both the impact which occurred when Lovejoy's truck was struck by the other truck and also the one occasioned by the locomotive striking the Lovejoy truck. This witness gave the following testimony: ''I would think there might have been time enough between the time of the first and second collision for the driver of the first car to put his car in gear and drive across the track.'' There was testimony that as much as three minutes intervened between the two impacts.

In view of the foregoing portion of the record and other portions to which reference seems unnecessary at this time, it appears that at the time plaintiff rested, as to defendant Lovejoy, there was testimony of negligence on his part which a jury might well have found was a proximate cause of this accident. Under the admission in Lovejoy's answer he was guilty of negligence in the first instance in driving his truck in the face of an approaching train to a point ''where the front part of said truck was approximately on the south rail of the track on which said train was traveling.'' Plaintiff produced ample testimony to justify the conclusion that as Lovejoy

approached plaintiff's track exercise of reasonable care on his part would have disclosed that the train was approaching in such close proximity that Lovejoy's safety required him to stop his truck at a safe distance from the track; and as noted above one witness testified he thought Lovejoy might have put his car in gear and driven across the track in time to have avoided the accident.

We are mindful that primarily plaintiff's allegation of negligence on the part of Lovejoy as to which there was testimony when plaintiff rested is that he failed to get his automobile off the railroad tracks in time to avoid the collision; and that defendant Lovejoy claims there was no testimony showing that he was negligent in that particular nor that it was even physically possible for him to have avoided the accident by removing his truck. But we think it is not an undue departure from the pleading to consider whether under the admissions in his own answer Lovejoy was not negligent in the first instance in driving his truck onto or too close to plaintiff's tracks.

Plaintiff's opening statement to the jury contained the following:

"The negligence of Lovejoy consisted in having— stopping his car either too quickly so that the other car collided with it from the rear and shoved it on to the track, or stopping too near the track so that it was in the path of the train."

Were it deemed at all necessary, it would not be too late to amend the pleadings to conform with the proofs even in this court. Court Rule No. 72 (1933); *Craig* v. *Wright,* 271 Mich. 166; *Blake* v. *American Trust Co.,* 293 Mich. 618.

The defendants other than Lovejoy were the owners or users and driver of the truck which collided

with the rear of the Lovejoy truck. They assert
that the trial judge erred in denying their separate
motion for a directed verdict at the close of plain-
tiff's proofs. These defendants offered no testi-
mony in support of their plea of nonliability. Ex-
cept for the statutory presumption hereinafter
noted, plaintiff's testimony did not tend to establish
actionable negligence or liability on the part of these
other defendants, although it did disclose there was
a collision between the two trucks, and after the
accident their truck stood on the highway about
eight feet south of the railroad. But here again
the trial court had before it the recitals of facts and
circumstances in their answers which disclosed the
connection which these defendants had with the ac-
cident. The Atlas Salvage Company adopted the
answer of the others of these defendants "insofar as
it relates to the duties and obligations owed by the
plaintiff *and defendant Lovejoy,* and the breach
thereof." Thereby the Salvage company joined
with the others of these defendants in admitting
the allegations in paragraph four of plaintiff's dec-
laration. In that paragraph plaintiff alleged Love-
joy was guilty of negligence as follows:

"In bringing his (Lovejoy's) wrecker and towing
truck to a stop so suddenly that he knew, or by the
exercise of reasonable diligence should have known,
that the truck which was immediately following him
did not have a chance to stop before colliding with
his truck and driving it upon the track in front of
plaintiff's approaching train."

From the testimony offered as a part of plain-
tiff's case it was disclosed that the truck with which
these other defendants are concerned was standing
shortly after the accident about eight feet south of
plaintiff's track, and that the descending traffic gate

at the crossing came down upon the hood or cab of this other truck. The crash of the collision between the two trucks just before plaintiff's locomotive struck Lovejoy's truck was testified to by plaintiff's witnesses. Surely, it was a reasonable inference from such a record that the Lovejoy truck was struck from the rear by the other truck and driven upon plaintiff's track. This alone raises the presumption that the truck of these other defendants was negligently operated.

"In any action, in any court in this State when it is shown, by competent evidence, that a vehicle traveling in a certain direction, overtook and struck the rear end of another vehicle proceeding in the same direction, * * * the driver or operator of such first-mentioned vehicle shall be deemed prima facie guilty of negligence." 1 Comp. Laws 1929, § 4788 (Stat. Ann. § 9.1691)..

It may be further noted as to defendants Futernick and Williams that the circumstances under which this accident happened are set forth in their answer quite in detail; and in consequence thereof they allege their motor vehicle was seriously damaged.

Our review of this record brings the conclusion that the trial judge was not in error in denying the motion of these defendants other than Lovejoy for directed verdict.

After the close of plaintiff's testimony and denial by the court of defendants' motion for directed verdict, defendant Lovejoy testified in his own behalf. From this testimony further details of the manner in which the accident happened are disclosed. Lovejoy testified that as he approached this crossing from the south he was proceeding at approximately 10 miles per hour and could have stopped his truck within a space of four feet, but that he approached

so close to plaintiff's tracks that he was in a position of danger. He was aware of the approaching train by having observed the light of the locomotive. He instantly sought to shift to the reverse gear of his motor but before being able to do so his truck was struck by the truck of the other defendants and driven upon the railroad tracks and slightly east of the planked portion of the crossing. He at once jumped out of his auto cab and ran a few feet in a southerly direction. He testified: "The train struck the truck after I jumped. It would be a matter of a split second because I wasn't over 10 feet from my truck when the train hit it."

By his testimony Lovejoy sought to show he was not guilty of any negligence, as well as claim plaintiff was guilty of contributory negligence; and if there was any negligence on the part of defendants which was a proximate cause of the accident it was the negligence of the defendants other than Lovejoy. The record before us clearly presents issues of fact as to these various phases of the case, and such issues were submitted to the jury under a charge of which appellants make no complaint. Nor is there any merit to Lovejoy's contention that he should not be charged with negligent conduct because he was confronted with an emergency. If so, there is ample testimony to show that the emergency was caused by his own negligence, and under such circumstances the emergency affords .him no excuse. *Murner* v. *Thorpe,* 284 Mich. 331.

In the brief filed for defendant Lovejoy it is strenuously urged that because the record discloses negligence on the part of defendants other than Lovejoy which was a proximate cause of the accident, therefore it should be held as a matter of law that Lovejoy was not guilty of negligence which was a proximate cause, but as to him it was an unavoid-

able accident. This position is not tenable because under the testimony in this case the jury might well have found, and evidently did find, that there were concurrent proximate causes of this accident which resulted from negligence on the part of Lovejoy and also on the part of the driver of the other truck.

" 'There may be more than one proximate cause for the same injury, and the mere fact that some other cause co-operates with the negligence of the defendant to produce the injury for which suit is brought does not relieve him from liability.' 2 Blashfield, Cyclopedia of Automobile Law, p. 1204." *Camp* v. *Wilson,* 258 Mich. 38, 42.

"It is elementary that where injury results from the concurrent negligence of two or more, each proximately contributing to the result, recovery may be had against one or more." *Banzhof* v. *Roche,* 228 Mich. 36.

We are not in accord with the contention of defendant Lovejoy that the jury's verdict was without supporting testimony, but instead resort must have been had by the jury to *res ipsa loquitur,* which is not permissible in this jurisdiction. Nor can we agree with appellants' assertion that plaintiff was guilty of contributory negligence as a matter of law or that the verdict of the jury was against the great weight of the evidence.

Denial of defendants' motions for directed verdict at the close of all the proofs and also the denial of subsequent motions for judgment *non obstante veredicto* was, under this record, proper. The judgment entered in the circuit court is affirmed, with costs to appellee.

Chandler, C. J., and Boyles, Starr, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.