SCHOOL DISTRICT OF THE CITY OF IONIA, *for use and benefit of* EMPLOYERS' LIABILITY ASSURANCE CO., *v.* DADD.

1. APPEAL AND ERROR—FINDING OF COURT—PREPONDERANCE OF EVIDENCE.

A finding of the trial judge who tried case without a jury will not be reversed unless the evidence clearly preponderates in the opposite direction.

2. NEGLIGENCE—BURDEN OF PROOF—PRESUMPTIONS.

A plaintiff suing to recover damages because of defendant's negligence has the burden of proof of showing negligence as it will not be presumed.

3. SAME—EVIDENCE—RES IPSA LOQUITUR.

The mere fact that an accident happens does not establish the negligence of a defendant as the doctrine of *res ipsa loquitur* is not followed in this State.

4. AUTOMOBILES—CARE REQUIRED OF TRUCK DRIVER PASSING CARPENTER'S SCAFFOLD.

A truck driver in passing by carpenter's scaffold with loaded truck has the duty to exercise that care and caution which an ordinarily careful and prudent person would have exercised under the same or similar circumstances.

5. SAME—NEGLIGENCE—NONJURY CASE—FINDING OF COURT—INJURY TO CARPENTER ON SCAFFOLD.

In action by workmen's compensation insurance carrier against truck driver and its owner to recover sums paid in compensation benefits to carpenter who was injured as scaffold on which he was working fell when loaded truck passed by, doctrine of *res ipsa loquitur* is not applied, and testimony presented question of fact as to whether driver exercised the care and caution of an ordinarily careful and prudent person under the circumstances and supported finding for defendants by trial court sitting without a jury (2 Comp. Laws 1929, § 8454).

Burden of proving negligence, see 2 Restatement, Torts, § 291 and comment b.

Appeal from Ionia; Davis (Morris K.), J. Submitted January 5, 1944. (Docket No. 21, Calendar No. 42,497.) Decided February 24, 1944.

Case by School District of the City of Ionia for use and benefit of Employers' Liability Assurance Corporation, Ltd., against Lester Dadd and others for amount of compensation paid to Albert H. Varcoe. Judgment for defendants. Plaintiff appeals. Affirmed.

*Alexander, McCaslin & Cholette,* for plaintiff.

*Steg J. Lignell,* for defendants.

Starr, J.  Plaintiff appeals from a judgment for defendants entered by the trial court sitting without a jury.

On August 26, 1938, one Albert Varcoe, a carpenter employed by plaintiff school district, was working on a scaffold attached to a building located on plaintiff's school grounds in Ionia. The scaffold fell and Varcoe sustained serious injuries. Plaintiff's insurance carrier, the Employers' Liability Assurance Corporation, Ltd., paid Varcoe workmen's compensation benefits of $3,679.

In pursuance of the provisions of 2 Comp. Laws 1929, § 8454 (Stat. Ann. § 17.189), plaintiff began the present suit, for the use and benefit of its insurance carrier, to recover the above-mentioned workmen's compensation benefits paid to Varcoe. In its declaration plaintiff alleged, in substance, that the scaffold was caused to fall and its employee Varcoe was injured by reason of the negligent operation of a motor truck owned by defendant Ionia Boy Scouts and driven by defendant Lester Dadd,

who was also an employee of plaintiff school district. Defendants answered, denying the charge of negligence.

The trial court held that plaintiff had failed to establish negligence in the operation of the truck, and entered judgment for defendants. Plaintiff appeals. In reviewing the judgment, we have examined the record to ascertain whether or not the trial court's findings, upon which it was based, were against the preponderance of the evidence. In *Vannett* v. *Michigan Public Service Co.*, 289 Mich. 212, 218, we said:

"We have repeatedly said in cases tried without a jury that the trial judge is the trier of the facts and may give such weight to the testimony as in his opinion it is entitled to. In such cases we do not reverse unless the evidence clearly preponderates in the opposite direction."

See, also, *Hazen* v. *Rockefeller*, 303 Mich. 536; *Flat Hots Co., Inc.*, v. *Peschke Packing Co.*, 301 Mich. 331; *Hanson* v. *Economical Cunningham Drug Stores, Inc.*, 299 Mich. 434.

Therefore, we shall discuss briefly the material facts shown by the record. It appears that there was a close working relation between plaintiff school district and defendant Ionia Boy Scouts. Plaintiff was the sponsoring organization of the Scouts and held title to the lands, camp sites, and other properties which they used. The undisputed testimony shows that defendant Roy Carpenter, field commissioner of the Boy Scouts, had no interest in the motor truck involved in the accident. The truck was registered in the name of the Scouts, who permitted plaintiff to use it part time without rental or compensation. The party using the truck paid the expense for oil and gasoline, and the cost of mainte-

nance was borne equally by plaintiff and the Scouts. At the time of the accident, the truck was being used by plaintiff to move school seats or desks from one building to another. The scaffold upon which plaintiff's employee Varcoe was working was 3 feet wide and about 8 feet high, and was attached to the west side of the building, at or near the northwest corner thereof. The uprights of the scaffold rested upon but were not embedded in or attached to the ground. The scaffold platform was laid upon cross-pieces spiked to the uprights and to the building. A gravel roadway about 10 feet wide extended along the west side of the scaffold, and immediately west of the roadway was an open, cement-lined gutter about a foot deep. The roadway on the school grounds extended in a westerly direction and, turning around the northwest corner of said building, continued in a southerly direction between the scaffold and the cement gutter, as above described. The truck, which was about 8 feet wide and 12 feet long, loaded with desks or seats, was proceeding around the northwest corner of the building and between the scaffold and the gutter, in creeper gear, at a speed of five miles or less an hour. The scaffold had been up for several days, and defendant Dadd had driven the truck by it on previous occasions. At the time of the accident the front part of the truck had passed the corner of the building and scaffold and, as the rear part was passing, the scaffold fell. Varcoe, who was sitting on the platform doing carpenter work, fell with the scaffold and sustained injuries for which the workmen's compensation benefits in question were paid to him. He testified in part:

"*Q.* While you were sitting there (on the scaffold) what happened?

"*A.* Well, I know that the end post went out from under me in an awful hurry and I went to the ground.

"*Q.* Whereabouts was this end post located?

"*A.* On the northwest corner of the building.

*  *  *

"The first thing that I recall of this accident was when the end post went out from underneath me. That is the first knowledge I had of it. I didn't actually see the truck come up the driveway that day. I knew there was a truck coming in, but I didn't look to see what one it was until I was on the ground. I did not actually see it strike any part of the structure or scaffold.  *  *  *

"He (Dadd) stopped the truck, stopped immediately after it hit, because I laid right back of the truck.  *  *  *

"*Q.* Did you hear any scraping or anything?

"*A.* There was the cracking noise, of course, when it pulled itself off and broke the brace."

Defendant Dadd, who was driving the truck, testified in part:

"I was custodian at the high school.  *  *  *  I started driving the truck in 1936. The superintendent of the schools *  *  * gave me orders whenever I was to go to the other building or transport anything around for the school.  *  *  * On August 26, 1938, I had orders that morning to go to the Jefferson school and bring seats back to the junior high.  *  *  *

"Before I came into the driveway there was about a three-foot raise; you have to stop the truck with a load on, shift it into creeper, then you have to come up straight and make a big swing over to the left around (the northwest corner of) this building, that is, the building on which the scaffold was on.

"*Q.* You didn't make a big enough swing on this particular occasion?

"*A.* Well, I figured I was right in the track where I had been all the time.

"*Q.* When you came along did you see Mr. Varcoe on the scaffold?

"*A.* I don't think so. I don't realize I did see him; no.

"*Q.* Then what happened? Did you see your truck hit the scaffold?

"*A.* I didn't see the truck hit the scaffold.

"*Q.* Did you see the scaffold fall as the truck drew alongside?

"*A.* No, not until somebody hollered.     *     *     *

"*Q.* You had gone in before on this truck and gone in there and shifted into low gear and got it around there all right?

"*A.* Around it all right.

"*Q.* In other words, if anything hit this, hit the scaffold, what was it in your judgment?

"*A.* I think that we had quite a load on and possibly the back of the rack was spread out farther. *     *     *

"*Q.* You didn't stop and tell your man to get out and look and see how the sides of the truck were?

"*A.* Never entered my mind.

"*Q.* You just kept going right through there even though you had a larger load then usual?

"*A.* I don't believe I had any larger load. You can't get only so many seats on.     *     *     *

"I didn't hear any scraping or anything. I never heard a thing. I just heard somebody yell, 'Whoa,' and I stopped right there.     *     *     *     As I came through there, I was not talking to the man in the car with me. I don't remember saying a thing. I was watching the road to get around.     *     *     *     I always take it careful and have it in creeper. I knew the scaffold was there and that is why I was taking it so slow as I did.     *     *     *

"I felt no impact at all.     *     *     *     The front

part of the truck did not come in contact with anything as I was driving past the scaffold. * * * I would say that I stopped the truck within three feet after I heard someone shout. * * *

"The driveway right at the particular point where the accident occurred is between the portable building, and the gutter, so-called. * * * The cement in the gutter was * * * fresh cement. * * * You couldn't drive over on it."

Another employee of the plaintiff, who was riding in the truck with defendant Dadd, testified regarding the accident in part as follows:

"I was a passenger or helper in the car of Lester Dadd at the time of this accident. * * *

"*Q.* Just what happened as you arrived at the Lincoln school?

"*A.* Well, we drove up in the school yard. We came beyond what they call a portable building. They were working on that and there was a scaffold out there and there was a man working up there and as we came by I was on the opposite side of where the scaffold was and, why, the first I knew was the falling of the scaffold. * * *

"*Q.* Whether or not the front of the car struck anything at all?

"*A.* I would say, no. It would be the back part of the truck that hit the scaffold.

"*Q.* Whether or not you saw any part of the truck strike the scaffold?

"*A.* No, I didn't. * * *

"*Q.* Did you hear studding fall and hit the truck?

"*A.* Yes. * * *

"*The Court:* * * * I want to know whether you felt any impact before the scaffold came down, any impact of the truck hitting the scaffold?

"*A.* Well, I wouldn't say that I did. I know just as the truck hit the scaffold, of course, it all went down.

"*The Court*:  You didn't feel the impact yourself?

"*A.*  *  *  *  No."

In his opinion determining that plaintiff had failed to establish negligence on the part of defendant Dadd, the trial court said in part:

"At the close of the plaintiff's case there was no direct testimony that the truck hit the scaffold support.  *  *  *  There is no testimony showing that Dadd saw or could have seen Varcoe on the scaffold as he approached the building.  *  *  *

"In order for the plaintiff to recover it must show by a preponderance of the evidence that Lester Dadd (defendant) was guilty of negligence in operating the truck at the time and place in question.  *  *  *  In determining as to whether or not there is negligence the question narrows itself down to an inquiry as to whether or not the facts show that Lester Dadd did not act as an ordinarily prudent man would have acted under the circumstances here involved.  *  *  *  It is quite true that had Dadd exercised extraordinary care he might have gotten out of the truck and looked to see whether or not the back end was clearing the scaffold support or might have had the man who was riding with him do so.  However, he is bound to exercise only ordinary care and not extraordinary care.  It is my opinion that the ordinarily prudent man would have exercised no more care than did Lester Dadd on the occasion in question.  The fact that he had negotiated the passageway shortly before the accident would give him every reason to believe that he might again negotiate such passageway by driving slowly and paying strict attention to where he was steering the truck.  A mere miscalculation does not necessarily amount to negligence."

The burden was on plaintiff to establish by competent evidence that defendant Dadd was negligent in his operation of the motor truck.  *Nylund* v.

*Gemo,* 295 Mich. 75. Negligence on his part will not be presumed. *Schultz* v. *Sollitt Construction Co.,* 296 Mich. 125. The mere fact that an accident happened, resulting in injuries to plaintiff's employee, does not establish defendant's negligence. *Poundstone* v. *Niles Creamery,* 293 Mich. 455; *Burghardt* v. *Detroit United Railway,* 206 Mich. 545 (5 A. L. R. 1333). Although it might be inferred from the testimony that the truck struck the scaffold, causing it to fall, that fact alone would not establish negligence on the part of defendant driver, as the doctrine of *res ipsa loquitur* is not followed in this State. *Weissert* v. *City of Escanaba,* 298 Mich. 443 (10 N. C. C. A. [N. S.] 393).

It was the duty of defendant Dadd in his operation of the motor truck to exercise that degree of care and caution which an ordinarily careful and prudent person would have exercised under the same or similar circumstances. *Hazen* v. *Rockefeller, supra.* The testimony clearly presented a question of fact as to whether or not he exercised such care and caution. That question was for determination by the trial court as the trier of the facts.

The record shows that defendant Dadd used the only roadway available for ingress to that part of the school grounds; that the truck was about 8 feet wide and the roadway between the scaffold structure and the open cement gutter was about 10 feet wide; that he had driven by the scaffold on other occasions without accident; that he was driving in the lowest gear at a speed of five miles or less an hour; that he was looking straight ahead and watching the road; and that his attention was not distracted. It shows that the front part of the truck passed the scaffold and that, while the rear part was passing, the scaffold fell; that no one saw it fall; and that

he stopped the truck within a few feet after it fell. The trial court saw and heard the witnesses and was in a better position to judge their credibility and the weight to be given their testimony.

We are satisfied that the findings of the trial court, upon which the judgment for defendants was based, were not against the preponderance of the evidence. In view of our conclusion, other questions presented by plaintiff do not require consideration.

The judgment for defendants is affirmed, with costs.

NORTH, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred with STARR, J.

WIEST, J. (*concurring in result*). I concur in the result but place decision on the ground that the injured man and the truck driver were both employees of plaintiff and if the employee on the scaffold was injured by the negligence of the employee truck driver in the course of his employment, the plaintiff employer would be liable. The fact that the liability was met by the employer's liability insurance carrier does not authorize this action, in behalf of such carrier, against plaintiff's own servant for negligence in the course of employment. The negligence, if any, of the truck driver was, in the eye of the law, that of the employer and the action at bar is one against plaintiff's *alter ego,* without the negligence of another person being involved or concerned. The injury for which compensation was paid by the insurance carrier was not caused "under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof." The statute, 2 Comp. Laws 1929, § 8454 (Stat. Ann. § 17.189), under

which plaintiff seeks recovery, does not authorize this action, for that statute merely provides:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, but not against both, and if compensation be paid under this act the employer may enforce for his benefit or for that of the insurance company carrying such risk, or the commissioner of insurance, as the case may be, the liability of such other person."