MITCHELL *v.* STROH BREWERY CO.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

In an action against two alleged tortfeasors it is incumbent on plaintiff to establish that the negligence of one or both of defendants was the proximate cause of her injuries, and also that she was free from contributory negligence.

2. SAME—RES IPSA LOQUITUR.

The mere fact that an accident happened does not establish negligence on the part of defendant as the doctrine of *res ipsa loquitur* is not followed in this State.

3. STREET RAILWAYS—ALIGHTING PASSENGERS—CONTRIBUTORY NEGLIGENCE.

A passenger who alights from a streetcar with as good an opportunity as the streetcar operators to observe the conditions which confront him and to know as well as they whether such conditions are dangerous to him in an attempt to alight and is injured while alighting in such a dangerous position is guilty of contributory negligence precluding recovery.

4. SAME—BREWERY TRUCK—CONTRIBUTORY NEGLIGENCE OF ALIGHTING PASSENGER.

Plaintiff, a stout and heavy woman 56 years of age who, while alighting from city streetcar, became confused by defendant brewery company's truck being parked about two feet from

---

Contributory negligence as a matter of law, see 2 Restatement, Torts, §§ 432, 463, comment b, § 464, comment a, § 465, § 466, comment g; function of court and jury in determining contributory negligence as proximate cause of injuries sustained, see § 476; negligent conduct necessary, § 432; difference between negligence and contributory negligence, § 463, comment b; standard of conduct, § 464 (1); § 466, comment g; effect of joint tortfeasor, § 439, comment b.

side-exit door of streetcar on narrow street and fell when she attempted to get back into streetcar after having placed one foot on the ground, *held*, guilty of contributory negligence precluding recovery for injuries sustained, where it appears that neither the truck nor the streetcar moved.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted June 8, 1944. (Docket No. 33, Calendar No. 42,605.) Decided June 30, 1944.

Case by Annie Mitchell against Stroh Brewery Company, a corporation, and City of Detroit, Department of Street Railways, for injuries sustained when alighting from a streetcar. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Dann & Atlas* and *Seymour Tilchin,* for plaintiff.

*L. J. Carey* and *Geo. J. Cooper,* for defendant Stroh Brewery Company.

*A. Albert Bonczak,* for defendant City of Detroit.

STARR, J. Plaintiff began the present suit to recover damages for personal injuries sustained when she fell while alighting from a street car owned and operated by defendant city. She alleged, in substance, that the city was negligent in that said street car was stopped at a place where it was unsafe for her to alight; that defendant brewery company was negligent in parking its truck so close to the street car tracks as to endanger her safety, and was also negligent in parking its truck in violation of a city ordinance. At the conclusion of plaintiff's proofs, each defendant moved for a directed verdict on the ground that she had failed to establish negligence on their part and that she was guilty of contributory

negligence as a matter of law. The trial court granted such motions, and plaintiff appeals from the judgment entered on directed verdict for defendants.

It appears that about noon on February 19, 1941, plaintiff, a "stout and heavy" woman 56 years old, was a passenger on a street car operated by defendant city on Sherman street. She wished to get off at the corner of Chene and Sherman, at which corner there was no established safety zone. She rang the signal bell, the car stopped, the conductor opened the side-exit door, and she started to alight. While she had one foot on the car step and one on the ground, she first saw defendant brewery company's truck, which was parked close beside the street-car exit. She became frightened, and while attempting to get back on the street car, fell to the pavement, sustaining the injuries for which she seeks to recover.

It was stipulated by counsel that Sherman street, at the place of the accident, was 26 feet wide; that the distance from the car track to the curb was 10 feet 7 inches; and that the brewery company's truck was 23 feet long, 9 feet high, and 7 feet 9 inches wide. There was testimony indicating that the truck was parked about a foot from the curb and that there was a distance of about 2 feet between the street car and the side of the truck. Plaintiff testified regarding her accident in part as follows:

"I was not the first passenger to get off. * * * The man in front of me got off first. * * * I couldn't see in front of this man. * * * I followed right close behind him. * * *

"When I got off I put this foot down on the ground, and the other foot up here (on the step). I was still holding to the rod. The truck was too close to me and it frightened me. * * *

"*The Court:* The street car didn't move?

"*A.* No.

"*The Court:* The truck did not move?

"*A.* No, neither one moved.

"I still had one foot on the step of the street car. I didn't get off and turn around and get on the right side because I didn't have room to turn around. That's why I was trying to reach behind me and catch the rod but I couldn't find it.   *   *   *   After I got frightened I tried to get back in the street car. *   *   *   I knew that if the street car moved there would be trouble with me.   I lifted my foot to get back in the street car. I fell on my back just by reaching back.   *   *   *

"I saw the truck when I put my foot down on the street.   *   *   *

"The center of the truck was even with the street car door where I was getting off.   *   *   *

"I wasn't able to see the truck because I wasn't looking for nothing like that.   *   *   *   I just been getting off there so much I wasn't thinking about no truck.   *   *   *

"*Q.* Now, did you have both of your feet off the street car before you fell?

"*A.* No.   *   *   *   I was right up against the truck and then I tried to reach back, catch hold of that rod. I couldn't catch hold of the rod. I lost my balance and fell.   *   *   *

"I had my head down looking down there at the step below.   I did not look out of the door.   I never looked up until after I put my left foot on the ground.   *   *   *

"When I did look up, the truck was standing there.   I said that the truck was only one foot or perhaps two feet from the street car.   *   *   *   It was pretty close.   *   *   *

"I never slipped, I just lost my balance, tried to reach back   *   *   *   to get the rod."

It was incumbent on plaintiff to establish that the negligence of one or both of defendants was the

proximate cause of her injuries, and also that she was free from contributory negligence. The mere fact that an accident happened does not establish negligence on the part of defendants, as the doctrine of *res ipsa loquitur* is not followed in this State. *School District of the City of Ionia, for use and benefit of Employers' Liability Assurance Co.,* v. *Dadd,* 308 Mich. 220. In the case of *Whitmore* v. *Detroit United Railway,* 185 Mich. 46, we quoted with approval the following rule, which is applicable to the situation in the present case:

"But where a passenger in alighting from a car has as good an opportunity as the company or its servants to observe the conditions which confront him, and to know as well as they whether such conditions are dangerous to him in an attempt to alight, he is held to be guilty of contributory negligence precluding a recovery in case he is injured. If the street at the place of discharging a passenger presents a dangerous condition to one alighting there, and such danger is obvious to the passenger, the carrier is not liable to him for injuries received from such defects." 1 Nellis on Street Railways (2d Ed.), p. 619, § 308.

Assuming for the purpose of this opinion that defendants were negligent, we are convinced, nevertheless, that viewing the testimony in the light most favorable to plaintiff, she was guilty of contributory negligence as a matter of law. Her testimony indicates that she failed to observe the brewery truck, which was clearly visible, until she had reached a position where she had one foot on the car step and the other on the ground. Neither the truck nor the street car moved, and there was no showing that she could not safely have alighted from the car and passed between it and the truck. She lost her balance and fell to the pavement because she became

frightened and confused while attempting to get back on the street car. It is clear that by the exercise of reasonable care and caution she could have avoided the accident.

The trial court did not err in granting defendants' motions for a directed verdict. The factual situations involved in the several cases cited by plaintiff distinguish them from the present case.

The judgment for defendants is affirmed, with costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.